**BERNS, et al v. CITY OF MIAMI BEACH, et al.**
No. 68-17875.
Circuit Court, Dade County.
March 25, 1969.

Daniel Neal Heller, Miami, for the plaintiffs.

Joseph Wanick, City Attorney, for the defendant.

JAMES LAWRENCE KING, Circuit Judge.

*Final judgment and permanent injunction:* Hendrik J. Berns, publisher and editor-in-chief of the Miami Beach Sun newspaper, and Robert M. Swift, its editor, filed this complaint. The defendants are the city of Miami Beach, a Florida municipal corporation and political subdivision of the state of Florida, Jay Dermer, its mayor, and Norman Ciment, Malvin Englander, Joseph W. Malek, D. Lee Powell, Paul Seiderman and Leonard O. Weinstein, as its city councilmen.

The plaintiffs charge the defendants with holding "secret meetings" in violation of §286.011, Florida Statutes, popularly called the Florida "Government in the Sunshine Law". They prayed for injunctive relief to prevent the defendants from holding any future meetings at which official acts are to be taken and at which the public, or any part thereof, is excluded.

The court has earlier denied the defendants' plea, contained in their motion to dismiss, that the Sunshine Law does not apply to municipalities.

The court has granted a motion for leave to join as a party plaintiff filed by Gerry Levin, a reporter employed by the Miami Beach Sun.

Mr. Levin complained that the defendants, or some of them, on December 4th, 1968 caused him to be arrested and charged with disorderly conduct for refusal to leave the city manager's office. Mr. Levin contended that his conduct was peaceful and orderly and that he refused to leave the office only because the defendants were about to hold a secret meeting. He stated that he was under orders from the plaintiffs to cover, as a newspaperman, all of the defendants' meetings, secret or otherwise.

Mr. Levin prayed for an injunction against the defendants to prevent them from proceeding against him pursuant to §25-33 of the Code of the City of Miami Beach.

After due notice the cause came on to be heard before the court on final hearing. The evidence is clear that the defendants, with the exception of Councilman Malek, have knowingly held secret meetings subsequent to the enactment of the Government in the Sunshine Law. Diverse subject matters relating to the city's business were discussed and considered at these meetings. These covered a very wide range including, but not limited to, amending the ordinance relating to the size of the Tourist Development Author-

ity, garbage taxes, license fees, applications for employment as city manager, pay raises for city employees, budgetary matters, whether or not to consider creating a North Shore Community Center, pending litigation, land acquisitions and labor matters.

The defendant councilmen, relying primarily upon the advice of the city attorney, admit that they have "gotten together" in private, usually in the city manager's office, and usually an hour or so before the regular city council meetings. These pre-meeting meetings are variously described as "briefing sessions", "conferences", "back-grounders", etc. The public and press are neither aware of the time of these sessions nor permitted to be present.

The defendants contend that primarily three subject matters are discussed at these closed door sessions— (a) land acquisitions (condemnations), (b) personnel matters, and (c) pending litigation.

The court finds and holds that there is no right granted under the Sunshine Statute to hold such meetings. The legislature did not exclude, by subject, certain matters which could be discussed in private. It is the prerogative of the legislature to specify those matters which must be considered at public meetings and if they so elect, specify those matters which may be considered privately.

The defendants argue that because no vote was taken at these meetings they are not such meetings as were contemplated by the legislature when it opened up meetings "at which official acts are to be taken". The court finds and holds that in at least one of the meetings involving the T.D.A. a commitment on voting was made. More important, the purpose of this open meeting statute would be frustrated if the entire deliberative process could be held behind closed doors only to emerge in public for a show of hands.

The Florida legislature has mandated that the public has the right to know, without exception, when, how, and why its business is being conducted. Deliberations, sessions, conferences, briefings, expressions, discussions, proposals, recommendations, actions, reports, etc. must be open and public, for these are as much "official acts" as the final vote itself.

The legislative intent is clear. The collective acquisition and exchange of facts by the defendants is required to be made in public. The reasons for and against a choice or a course of action are "official acts". Obviously, the vote cannot be had without the prior receipt and exchange of ideas and information.

Upon the foregoing findings of facts and the entire record before the court, it is thereupon considered, ordered and adjudged that —

(1) The court has jurisdiction of the subject matter and the parties to this action. (2) The plaintiffs have standing to file this suit. (3) The equities are with the plaintiffs and against the defendants. (4) The defendants, and each of them be and they are hereby permanently enjoined and restrained from holding any formal or informal meetings, conferences or briefing sessions involving the business, conduct or affairs of the city of Miami Beach whether or not any vote is taken unless said meeting is fully open to all of the public. (5) The defendants, and each of them, are permanently enjoined and restrained from continuing the prosecution of the plaintiff Gerry Levin in connection with that warrant for disorderly conduct hereinabove described. (6) The court retains jurisdiction of the subject matter and the parties to this cause to enforce the provisions of this injunction. (7) Costs will be taxed against the defendants at a further hearing after due notice.